**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Angelina Chavez,

          Plaintiff,

v.

Adriana Esquimosa Renteria, et al.,

          Defendants.

No. CV-26-02614-PHX-DJH

**ORDER**

Before the Court is the Application to Proceed *In Forma Pauperis* filed by *pro se* Plaintiff Angelina Chavez (Doc. 2).  Based on the information provided therein, the Court finds Plaintiff is unable to pay the required filing fees and will grant the Application and proceed to screen her Amended Complaint (Doc. 5) under 28 U.S.C. § 1915(e)(2). [1]

## I.      Statutory Screening Standards

The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand

---

[1] "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*, §1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners." *Long v. Maricopa Cmty. College Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints[.]")).

detailed factual allegations, "it demands more than an unadorned, thedefendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id*. at 681.

But courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc).

**II.     Plaintiff's Amended Complaint**

Plaintiff's Amend Complaint is brought against four Defendants: Adriana Renteria ("Adriana"), Sandra Renteria ("Sandra"), Fernando Renteria ("Fernando"), and Maria Renteria ("Maria") (Doc. 5 at 2).  The Amended Complaint is handwritten and in places illegible.  For her Statement of Claim, Plaintiff alleges

> [a]pproximately 1 year ago to 2 years while I was incarcerated Defendant was in agreement with Joseph Hardy to swipe out my bank account.  Joseph Hardy has a copy of my social security card she got a copy of my birth

certificate from my parents and my passport. My account was stolen as I overheard their conversation when I got released from jail and I was [unreadable] by the police department has a copy of their conversation.

(*Id*. at 4).   Plaintiff says "she" has at least $700 trillion of Plaintiff's money.  (*Id*.)

As an initial matter, from the information provided in the Amended Complaint, it does not appear that this Court has jurisdiction over Plaintiff's case.  Federal courts have jurisdiction over only a limited number of cases, which typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction").  *See* 28 U.S.C. §§ 1331, 1332. Federal courts are obligated to consider whether subject matter jurisdiction exists and dismiss a case if subject matter jurisdiction is found to be deficient.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (stating that the court presumes lack of jurisdiction until the plaintiff proves otherwise); *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) ("The party asserting jurisdiction has the burden of proving all jurisdictional facts."); Fed. R. Civ. P. 12(h)(3) (providing that the lack of subject matter jurisdiction may be raised at any time by the parties or the court).

When she was asked for the basis for federal court jurisdiction on her form Amended Complaint, Plaintiff checked the box for both federal question and diversity of citizenship jurisdiction.  However, she fails to establish either.  Plaintiff does not list any federal statutes, treaties, and or provisions of the United States Constitution at issue that would provide the Court with federal question jurisdiction.  And though she alleges that $804,000,000,000,000,000 is in the amount in controversy, she has not alleged complete diversity of citizenship between the parties: the Amended Complaint indicates that all of the parties reside in Arizona, with the exception of Defendant Sandra, who resides in Illinois.[2]  *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1988) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity

---

[2] In what appears to be conflicting information, Plaintiff indicates she is an Arizona resident on page 1 of her Amended Complaint and an Illinois resident on page 3. (Doc. 5 at 1 & 3).  However, diversity of citizenship jurisdiction would not be established even if Plaintiff is in fact a resident of Illinois, however, because Plaintiff also alleged Defendant Sandra is a resident of Illinois.

of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State."). Because Plaintiff has not provided a basis for this Court's jurisdiction, the Complaint must be dismissed.

Even if the Court could exercise jurisdiction over this matter, the Court finds that Plaintiff has failed to state a cause of action against any of the named Defendants. From the sparce information provided in the Amended Complaint, there is no way to determine whether any defendant may be liable. Rule 8 requires "simplicity, directness, and clarity," such that each defendant should easily be able to determine "what he is being sued for." *McHenry v Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Between the four named Defendants, the Amended Complaint entirely fails to identify which Defendant took which action. Plaintiff also fails to identify which laws were alleged violated. Although the Court should construe pleadings filed by *pro se* litigants liberally, Plaintiff is still required to present enough information for the Court to assess whether the Complaint states a claim for relief. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

### III.    Leave to Amend

The Court will nonetheless allow Plaintiff an opportunity to amend her Amended Complaint. *See Lopez*, 203 F.3d at 1127 (when dismissing for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

If Plaintiff chooses to amend her Amended Complaint she must conform to the requirements of Rule 8 of the Federal Rules of Civil Procedure. For example, the second amended complaint must set forth in a clear and simple manner the basis for federal court jurisdiction, state a cause of action that shows Plaintiff is entitled to relief, and provide a demand for relief. The Court further notes the "short and plain statement of the claim" required by Rule 8(a)(2) must not only designate a cause of action, but must also include enough factual allegations to render the claim plausible. *Iqbal*, 556 U.S. at 677. Each

- 4 -

claim of an alleged violation must be set forth in a separate count. In addition, the second amended complaint must be typed or in **understandable**, handwritten print. Plaintiff must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona (the "Local Rules").

Plaintiff is advised that if she elects to file a second amended complaint but fails to comply with the instructions explained in this Order, fails to prosecute this action, or otherwise fails to comply with the federal and local rules, the Court may dismiss the action with prejudice pursuant to 28 U.S.C. § 1915(e), Rule 41(b) of the Federal Rules of Civil Procedure, or both. *See McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673–74 (9th Cir. 1965) (affirming dismissal without leave to amend second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (holding that the district court did not abuse its discretion in dismissing a *pro se* plaintiff's complaint for failing to comply with a court order).

Accordingly,

**IT IS ORDERED** that the Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

**IT IS FURTHER ORDERED** that the Amended Complaint is dismissed for lack of subject matter jurisdiction.  Plaintiff is granted leave to file a second amended, **legible** complaint in accordance with this Order no later than **June 12, 2026.**  If Plaintiff elects to file a second amended complaint, the second amended complaint may not be served until and unless the Court screens it pursuant to 18 U.S.C. § 1915(e)(2).

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that if Plaintiff elects not to file a second amended complaint by **June 12, 2026,** the Clerk of Court shall enter judgment dismissing this action without further order of this Court.

Dated this 14th day of May, 2026.

Honorable Diane J. Humetewa
United States District Judge